Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRISON LEGAL NEWS, a project of the
HUMAN RIGHTS DEFENSE CENTER, a
Washington nonprofit corporation,

              Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and its component,
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:14-CV-479-MJP

**PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

**Noted for: April 24, 2015**

***ORAL ARGUMENT
REQUESTED***

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

## TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ..................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................... 2

    A.    PLN's phone justice reporting and advocacy ...................................... 2

    B.    PLN's FOIA request to ICE ............................................................... 3

    C.    ICE's long-delayed response to PLN's request ................................... 4

III.    ARGUMENT AND AUTHORITY ........................................................... 6

    A.    Summary Judgment Standard ............................................................. 6

    B.    ICE's failure to respond to PLN's request violated the FOIA. ........... 6

    C.    ICE violated the FOIA by improperly withholding certain records. ... 8

        1.    ICE improperly redacted information about contractual performance incentives. ................................................................ 8

        2.    ICE improperly redacted information about the prison's mail and visitation policies. ........................................................... 12

    D.    PLN is entitled to an award of attorneys' fees and costs. .................. 13

IV.     CONCLUSION ..................................................................................... 14

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - i
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ..................................6

5

*Bristol-Myers Co. v. F. T. C.,*
    424 F.2d 935 (D.C. Cir. 1970)...........................................................................8

6

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ...........................................................................................6

7

8

*Citizens for Responsibility & Ethics in Wash. v. FEC,*
    711 F.3d 180 (D.C. Cir.2013)............................................................................7

9

*Coastal States Gas Corp. v. Dep't of Energy,*
    617 F.2d 854 (D.C. Cir. 1980)...........................................................................8

10

11

*Dep't. of the Air Force v. Rose,*
    425 U.S. 352 (1976) ...........................................................................................8

12

*Dep't of the Interior v. Klamath Water Users Protective Ass'n,*
    532 U.S. 1 (2001) ...............................................................................................8

13

14

*Edmonds v. FBI,*
    417 F.3d 1319 (2005) .......................................................................................13

15

*Electronic Frontier Foundation v. Department of Homeland Security,*
    No. No. C 12–5580 PJH, 2014 WL 6469122 (N.D.Cal. Nov. 18, 2014)............13

16

17

*Farrar v. Hobby,*
    506 U.S. 103 (1992) .........................................................................................13

18

*GC Micro Corp. v. Def. Logistics Agency,*
    33 F.3d 1109 (9th Cir. 1994) .......................................................................8, 10

19

20

*Gilda Indus., Inc. v. U.S. Customs & Border Prot. Bureau,*
    457 F. Supp. 2d 6 (D.D.C. 2006)......................................................................10

21

*Gilmore v. U.S. Dep't of Energy,*
    33 F.Supp.2d 1184 (N.D. Cal.1998)...................................................................7

22

23

*Gulf & Western Indus. v. United States,*
    615 F.2d 527 (D.C. Cir. 1979)..........................................................................10

24

*In Defense of Animals v. NIH,*
    543 F.Supp. 2d 83 (D.D.C. 2008)...............................................................9, 10

25

26

*Info. Network for Responsible Mining v. Bureau of Land Mgmt.,*
    611 F.Supp.2d 1178 (D.C. Col.2009)..................................................................7

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - ii
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

*Island Film, S.A. v. Dep't of Treasury*,
  869 F. Supp. 2d 123 (D.D.C. 2012) ....................................................................12

*Lahr v. NTSB*,
  569 F.3d 964 (9th Cir. 2009) ..............................................................................8

*Lions Raisins Inc. v. Dep't of Agric.*,
  354 F.3d 1072 (9th Cir. 2004) ............................................................................10

*Long v. U.S. Internal Revenue Serv.*,
  693 F.2d 907 (9th Cir.1982) .......................................................................7, 8, 14

*Morley v. C.I.A.*,
  508 F. 3d 1108 (D.C. Cir. 2007) ........................................................................12

*National Parks and Conservation Ass'n v. Morton*,
  498 F.2d 765 (D.C. Cir. 1974) ............................................................................10

*Oregon Natural Desert Ass'n v. Gutierrez*,
  409 F. Supp. 2d 1237 (D.Or. 2006) ......................................................................7

*Pac. Architects and Eng's, Inc. v. Renegotiation Bd.*,
  505 F.2d 383 (D.C. Cir. 1974) ............................................................................10

*Payne Enter., Inc. v. United States*,
  837 F.2d 486 (D.C. Cir.1988) ..............................................................................7

*Pub. Citizen Health Research Group v. FDA*,
  704 F.2d 1280 (D.C. Cir. 1983) ....................................................................10, 11

*Racal Milgo Gov't Sys. v. Small Bus. Admin.*,
  559 F. Supp. 4 (D.D.C.1981) ..............................................................................11

*Raher v. BOP*,
  No. 09-526, 2011 WL 2014875 (D. Or. May, 24, 2011) ......................................12

*Renegotiation Board v. Bannercraft Clothing Co., Inc.*,
  415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974) ............................................14

*Rosenfeld v. United States Dep't of Justice*,
  57 F.3d 803 (9th Cir. 1995) ..................................................................................8

*Soucie v. David*,
  448 F.2d 1067 (D.C. Cir. 1971) ............................................................................9

*Summers v. U.S. Dep't of Justice*,
  140 F.3d 1077 (D.C. Cir. 1998) ............................................................................6

*Taylor-Woodrow Intern. v. U.S. Dept. of Navy*,
  1989 WL 1095561 (W.D. Wash. 1989) ................................................................11

*U.S. Dep't of Justice v. Reporters' Comm. for Freedom of the Press*,
  489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) ....................................6

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - iii
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

*U.S. Dep't of Justice v. Tax Analysts*,
    492 U.S. 136, 109 S.Ct. 2841 .(1989) ...................................................................7

*Vaughn v. Rosen*,
    484 F.2d 820 (D.C. Cir. 1973)...............................................................5, 6, 12

*Washington Post Co. v. U.S. Dep't of Health & Human Servs.*,
    865 F.2d 320 (D.C. Cir. 1989).......................................................................9

*Wishart v. C.I.R.*,
    199 F.3d 1334 (9th Cir. 1999) ......................................................................6

**Statutes**

5 U.S.C. § 552 ........................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 56 ...............................................................................................1, 5

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - iv
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

## I.     INTRODUCTION

This litigation concerns a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records related to telephone, mail and visitation polices at a federal immigration detention center in Washington state.  The records will contribute to news reporting and national advocacy efforts regarding the profits that correctional agencies and their private contractors generate from the often exorbitant rates they charge detainees for telephone calls.

Despite the manifest public importance of the requested records, Defendant Immigration and Customs Enforcement ("ICE") failed to meet its obligations under the FOIA.[1] ***First***, ICE ignored Plaintiff Prison Legal News' record request for nearly a year – indisputably violating the statute's 20-day response requirement.  5 U.S.C. § 552(a)(6)(A)(i).  By the time Prison Legal News ("PLN") filed this lawsuit – spurring ICE to finally respond – ICE had allowed PLN's request to languish for 240 days without acknowledgment or apparent action. ***Second***, when ICE did respond to PLN's request after PLN filed this suit, ICE improperly redacted non-exempt public information about prison policies and certain performance incentives that ICE pays a private, for-profit contractor.

No genuine issues of material fact exist to undermine judgment as a matter of law that ICE violated the FOIA.  PLN respectfully requests pursuant to Fed. R. Civ. P. 56 that this Court enter a judgment that (1) ICE is liable for violating the FOIA by unlawfully failing to respond to the request in a timely manner; (2) ICE also is liable for violating the FOIA by improperly redacting certain non-exempt records; (3) ICE must produce the redacted records; and (4) as a result of these FOIA violations, PLN is the prevailing party entitled to an award of reasonable attorneys' fees and costs incurred in this action, in an amount to be determined later by the Court.

---

[1] ICE is a component of the U.S. Department of Homeland Security ("DHS"), which is also a named defendant in this case.  For the purposes of this motion, ICE and DHS are collectively referred to as "ICE".

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## II.    STATEMENT OF FACTS

### A.    PLN's phone justice reporting and advocacy

Prison Legal News is a monthly magazine and a project of the Human Rights Defense Center ("HRDC").  HRDC is a nonprofit, charitable corporation organized under the laws of Washington state and recognized as tax exempt under IRS Code § 501(c)(3).  *See* Declaration of Paul Wright ("Wright Decl."), ¶ 2, Exhibit A (annual report).  HRDC's mission is public education, prisoner education, advocacy and outreach in support of the rights of prisoners and in furtherance of basic human rights.

PLN requested the records at issue here for use for the public benefit: reporting and advocacy concerning the inflated telephone rates that prisons and their contractors charge incarcerated people.  Wright Decl. ¶ 3.  PLN began in 2009 to collect information about prison phone policies and practices through public record requests.  PLN has since gathered such information from all 50 states.  Every state provided PLN records regarding the commissions that phone service providers paid to agencies or private contractors operating the detention facilities.  PLN has published its findings and analysis in its magazine and on websites hosted by PLN and HRDC, including www.prisonphonejustice.org.  PLN's reports identified many instances in which detention facilities or their private contractors charged prisoners unconscionable rates for basic telephone services.  Wright Decl. ¶ 4, Ex. B. (Prison Phone Justice's chart of findings); also available here: https://www.prisonphonejustice.org/ (last accessed January 20, 2015).  For example, PLN reports that prisons in Arizona collect a 94 percent commission on the phone rates it charges prisoners.  Maine prisons collect commissions as high as 100 percent.  *Id.*

In 2011, HRDC co-founded the national Campaign for Prison Phone Justice with other advocates, including the Center for Media Justice.  In 2013, the Minority Media and Telecommunications Council awarded the Campaign for Prison Phone Justice its "Digital Pioneer for Social Justice" award. *Id.*, Ex. C.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

HRDC also uses the phone service data to support its public education and advocacy efforts. Wright Decl. ¶ 6. For example, HRDC champions for state and federal policies that would rein in unreasonable phone rates. In July 2013, two HRDC staff members provided data and testimony at a Federal Communications Commission workshop about capping prison phone rates and related issues. *Id*. Months later, the FCC ordered a number of prison phone service reforms. *Id*.., Ex. D. The FCC cited HRDC or PLN more than forty-five times in its report and order implementing the following regulations for prison and jail telecommunication companies. *Id*. In July 2014, two HRDC senior staffers again provided data and testimony to the FCC on the issue of prison phones rates and the continued need for comprehensive reform. *Id*. ¶ 6. The national news media have reported on PLN and HRDC's work dozens of times in recent years, including in *USA Today*, *The Washington Post*, the *Los Angeles Times*, *Rolling Stone*, *The Seattle Times*, the *Tennessean* and various online and broadcast reports. *Id*. ¶., Ex. E.

**B.    PLN's FOIA request to ICE**

PLN submitted its written FOIA request to ICE on July 30, 2013. Wright Decl., ¶ 7, Ex. F. The request sought eight categories of records related to an ICE detention facility in Washington state which is operated by a private, for-profit contractor called The Geo Group, Inc. ("Geo"). *Id*. The categories are:

- • All contracts for the provision of telephone services to inmates;
- • Records documenting all commissions or similar fees consisting of a percentage of the revenue generated by inmate phone calls, or related to inmate phone services, that were paid to Geo pursuant to its contract(s) with inmate phone service providers;
- • All written policies or other records documenting, authorizing, limiting or describing how the inmate phone service commission payments are to be used;

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

- All records showing the results of any audits by any agency of Geo's inmate phone services or of the commission payments received pursuant to its inmate phone service contract(s);

- All records indicating the rates for telephone calls made by inmates for all types of calls and all payment methods;

- All records documenting any additional fees associated with inmate phone services that are charged to inmates or recipients of calls from inmates;

- The written institutional policy or policies that govern the receipt and sending of mail by inmates; and

- The written institutional policy or policies that govern prisoner visits.

*Id*. PLN sent the FOIA request via U.S. Postal Service Certified Mail, Return Receipt Requested. Wright Decl., ¶ 8, Ex. G. (proof of mailing).

### C. ICE's long-delayed response to PLN's request

ICE received and signed for PLN's request on August 5, 2013. Wright Decl., ¶ 8, Ex. G. ICE failed to even acknowledge the request. (ICE claims in its Answer that it mailed PLN a letter acknowledging receipt of the request. Answer ¶ 7. PLN never received such a letter and ICE has not provided evidence of it.)

After receiving no response to its FOIA request, former PLN Staff Attorney Robert Jack sent ICE's FOIA officer a second letter on December 21, 2013. Wright Decl., ¶ 9, Ex. H (letter). The follow-up letter described PLN's request and explained the agency's obligations under the FOIA. It requested a final response determination letter within twenty days. ICE received and signed for this letter on December 30, 2013. *Id*. Again, ICE failed to respond.

PLN filed this lawsuit on April 2, 2014 – more than eight months after submitting its FOIA requests, and only after ICE had ignored both its request and a separate follow-up letter requesting that ICE comply with the law. Four months into the litigation, ICE finally began to produce records responsive to the July 30, 2013, FOIA request.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

On August 1, 2014, PLN received its first round of records from ICE -- 361 days after ICE received PLN's FOIA request. Wright Decl., ¶ 10, Ex. J. (August cover letter). The records bore substantial redactions. On September 30, 2014, PLN received a supplemental response from ICE with additional, partially-redacted records. *Id.*, Ex. K (September cover letter).

On October 2, 2014, PLN appealed most of ICE's redactions from the first two record productions, including ICE's application of FOIA Exemptions 4 and 7(E). Wright Decl., ¶ 11, Ex. L (appeal). Exemption 4 allows agencies to withhold "trade secrets and commercial or financial information obtained from a person which is privileged or confidential." 5 U.S.C. §552(b)(4). Exemption 7(E) allows agencies to withhold law enforcement records. 5 U.S.C. §552(b)(7)(E).) ICE never responded to PLN's appeal. *Id.*

On October 6, 2014, PLN received from ICE a "*Vaughn* index" purporting to enumerate all redactions or withholdings and their legal justification. Wright Decl., ¶ 12. On November 21, 2014, ICE sent PLN a third collection of records, including newly-released records and new versions of previously-produced records, this time with fewer redactions. *Id.*, Ex. M. (cover letter).

Finally, on December 22, 2014, PLN received a revised *Vaughn* index from ICE. Wright Decl., ¶ 13, Ex. N. In it, ICE persisted with its assertion that the "trade secret" exemption (Exemption 4) applied to certain information related to performance incentives that ICE paid its contractor. *Id.* at pp. 2, 5 and 10. ICE claimed that the redacted material "contains confidential commercial information" and its release "is likely to cause substantial harm to the company's competitive position by, inter alia, allowing the company's competitors to identify the company's terms and conditions of its contract with the government." *Id.* ICE's revised *Vaughn* index also invoked the FOIA's law enforcement exemption (Exemption 7(E)) to justify its redaction of certain information related to the prison's mail and visitation policies. *Id.* at pp. 173-174. Specifically, ICE claimed that exemption 7(E) justified its redactions of certain mail policy information "including procedures for processing mail that could present a security

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

risk." *Id*. Similarly, ICE sought to justify its redactions to the visitation policy on the claim the material related to security concerns and visitor searches. *Id*.

Concurrent with this motion, PLN is submitting a stipulated motion to amend its complaint. The amended complaint clarifies that PLN is challenging not only ICE's failure to respond to its FOIA request (the only disputed issue at the time the lawsuit was filed), but also the redaction of records ICE undertook when it finally did produce records.

### III.    ARGUMENT AND AUTHORITY

#### A.    Summary Judgment Standard

Courts shall grant summary judgment when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In summary judgment proceedings, where the non-moving party will bear the burden of proof at trial, the movant merely must show the absence of an essential element and the non-movant must make an evidentiary showing sufficient to establish its existence or the entry of summary judgment is mandatory. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In a FOIA case, the agency bears the burden to justify nondisclosure. 5 U.S.C. § 552(a)(4)(B). *See, e.g.*, *U.S. Dep't of Justice v. Reporters' Comm. for Freedom of the Press*, 489 U.S. 749, 755, 109 S. Ct. 1468, 103 L. Ed. 2d. 774 (1989); *Wishart v. C.I.R.*, 199 F.3d 1334 (9th Cir. 1999). The agency must sustain its burden by submitting detailed affidavits or declarations that identify the records at issue and show why they fall under the claimed exemptions. *See Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998); *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). Courts review agencies' FOIA decisions *de novo*, and may examine the contents of disputed records in camera to determine whether the agencies should disclose them. 5 U.S.C. § 552(a)(4)(B).

#### B.    ICE's failure to respond to PLN's request violated the FOIA.

The FOIA requires an agency, within twenty business days of receiving a records request, to: (1) determine whether it will comply with the request; and (2) notify the requester

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

1   of its determination, its reasoning and of the requester's right to appeal denials.  5 U.S.C. §

2   552(a)(6)(A)(i).  Agencies do not necessarily need to actually provide the records within twenty

3   days, but satisfy the requirement if they simply indicate to the requester within twenty days

4   which records it plans to produce and which it plans withhold or redact.  *Citizens for*

5   *Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182–83 (D.C. Cir.2013).  If an agency

6   fails to respond to a request within those twenty days, the requester may file a lawsuit.  *Id.*

7        Failure to provide a timely response to a record request constitutes a violation of the

8   FOIA.  *Long v. U.S. Internal Revenue Serv.,* 693 F.2d 907, 910 (9th Cir.1982) (agency's

9   "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the

10  FOIA, and the courts have a duty to prevent these abuses"); *Info. Network for Responsible*

11  *Mining v. Bureau of Land Mgmt.,* 611 F.Supp.2d 1178, 1183 (D.C. Col.2009) (BLM violated

12  the FOIA by failing to comply with its statutory deadline).  Moreover, an agency's belated

13  response violates the FOIA regardless of the outcome of the record request.  *Oregon Natural*

14  *Desert Ass'n v. Gutierrez,* 409 F. Supp. 2d 1237, 1248 (D.Or. 2006).

15       "Even when an agency does not deny a FOIA request outright, the requesting party may

16  still be able to claim 'improper' withholding by alleging that the agency has responded in an

17  inadequate manner."  *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 151 n. 12, 109 S.Ct.

18  2841 .(1989).  *See also Gilmore v. U.S. Dep't of Energy,* 33 F.Supp.2d 1184, 1188 (N.D.

19  Cal.1998) (even though records were not subject to disclosure, agency's "failure to make a

20  timely determination as to whether [the] ... documents should be disclosed constituted an

21  improper withholding . . . in violation of the FOIA"); *Payne Enter., Inc. v. United States,* 837

22  F.2d 486, 491 (D.C. Cir.1988).

23       Here, ICE utterly failed to respond to PLN's request – even after PLN followed its

24  request with a second letter reminding ICE of its statutory obligations.  ICE ignored the request

25  for nearly a year, forcing PLN to bring a lawsuit before ICE would even acknowledge the

26  request.  On that ground alone, ICE "violate[d] the intent and purpose of the FOIA," and this

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

Court's "duty to prevent these abuses" compels the Court to enter an order finding that PLN violated the FOIA. *Long.*, 693 F.2d at 910.

### C.    ICE violated the FOIA by improperly withholding certain records.

The government "always bears the burden to show that a given document is covered by an exemption and should be withheld." *Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803, 807 (9th Cir. 1995). Courts enforce the FOIA's "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language," *Dep't. of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (quoting S.Rep. No. 813-89, at 3 (1965)), as well as the Act's command that its exemptions "be interpreted narrowly." *Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009). The "limited exceptions" in § 552(b) "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of" the FOIA." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Even where agencies may withhold records, the law favors transparency: "Congress has encouraged the agencies to disclose" even "exempt material for which there is no compelling reason for withholding" *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980).

Here, ICE improperly relies on FOIA Exemptions 4 and 7(E) to withhold information to which PLN is entitled.

### 1.    ICE improperly redacted information about contractual performance incentives.

Exemption 4 allows agencies to withhold certain "trade secrets" and "commercial and financial" information. 5 U.S.C. §552(b)(4). To justify withholding information under the latter of those two categories, an agency must show the records (1) contain commercial or financial information, which is (2) obtained from a person or by the government (3) and is privileged or confidential. *GC Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1112 (9th Cir. 1994). The exemption is intended to protect the privacy and interests of parties who supply the government with useful ***confidential*** information. *Bristol-Myers Co. v. F. T. C.*, 424

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

F.2d 935, 938 (D.C. Cir. 1970); *Soucie v. David*, 448 F.2d 1067, 1075 (D.C. Cir. 1971) ("This exemption is intended to encourage individuals to provide certain kinds of confidential information to the Government, and it must be read narrowly in accordance with that purpose."). As with all FOIA exemptions, Exemption 4 "is to be read narrowly in light of the dominant disclosure motif expressed in the statute." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 865 F.2d 320, 324 (D.C. Cir. 1989).

The exemption protects proprietary and competitive information that the government "obtain[s] from a person." 5 U.S.C. §552(b)(4). Agencies should not – and may not – exploit the exemption to shield from scrutiny public spending that benefits private parties.

For example, the U.S. District Court for the District of Columbia rejected an agency's attempt to withhold information about incentive awards provided in a government contract. *In Defense of Animals v. NIH*, 543 F. Supp. 2d 83, 103 (D.D.C. 2008). The court said the contract terms were not *obtained from a person* – they originated with the agency. "[T]he incentive award amounts are the amounts that NIH agrees to pay the contractor, not the other way around, although negotiated by both parties. The Court concludes that the incentive award amounts requested were not 'obtained from a person' such that the FOIA Exemption 4 is inapplicable." *Id.* at 102-103.

Here, PLN requested records related to "commissions or similar fees . . . related to inmate phone services, that were paid to Geo pursuant to its contract(s) with inmate phone service providers." Wright Decl., ¶ 7, Ex. F (FOIA request). ICE redacted those figures from the records it released, asserting:

> This field contains confidential commercial information regarding the potential **performance incentive that the contractor may receive** if it performs the contract satisfactorily. Release of this information is likely to cause substantial harm to the company's competitive position by, inter alia, allowing the company's competitors to identify the company's terms and conditions of its contract with the government. Such information could, in turn, enable competitors to utilize the contractor's information in the future in underbidding the current contract.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Wright Decl., ¶ 13, Ex. N at pp.2-3, 5 and 10 (revised *Vaughn* index) (emphasis added).  As

with the incentive awards that the D.C. District Court ordered the NIH to disclose in *In Defense*

*of Animals*, the government cannot show the figures at issue here constitute confidential

information "obtained from" a person.  Rather, the figures constitute bonuses the government

"agree[d] to pay the contractor" for its performance of public contract.  *In Defense of Animals*

*v. NIH*, 543 F. Supp. 2d at 103.  Accordingly, the information falls outside the scope of

Exemption 4 and the Court should order the agency to disclose the figures.

Nor can ICE meet its obligation to show that the performance incentive information is

"confidential."  The Ninth Circuit has adopted a standard for determining confidentiality that

was established by the D.C. Circuit Court in *National Parks and Conservation Ass'n v. Morton*,

498 F.2d 765, 770 (D.C. Cir. 1974):

> [C]ommercial or financial matter is "confidential" for purposes of
> [Exemption 4] if disclosure of the information is likely to have
> either of the following effects: (1) to impair the Government's
> ability to obtain necessary information in the future; or (2) **to**
> **cause substantial harm to the competitive position of the**
> **person from whom the information was obtained**.

*Id*. (footnote omitted) (emphasis added).  *See also GC Micro Co*rp., 33 F.3d at 1112-13.

In order to prove substantial competitive injury, the agency must "show that there is (1)

actual competition in the relevant market, and (2) a likelihood of substantial competitive injury

if the information were released."  *Lions Raisins Inc. v. Dep't of Agric*., 354 F.3d 1072, 1079

(9th Cir. 2004); *Gulf & Western Indus. v. United States*, 615 F.2d 527, 530 (D.C. Cir. 1979).

The agency must provide "more than mere conclusory statements of competitive harm."  *Gilda*

*Indus., Inc. v. U.S. Customs & Border Prot. Bureau*, 457 F. Supp. 2d 6, 10 (D.D.C. 2006),

citing *Pac. Architects and Eng's, Inc. v. Renegotiation Bd.*, 505 F.2d 383, 384 (D.C. Cir. 1974).

A competitive injury is one "flowing from the affirmative use of proprietary information by

competitors."  *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1291 n.30 (D.C.

Cir. 1983) ("Competitive harm should not be taken to mean simply any injury to competitive

position . . . .").

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

Courts recognize a relatively limited justification for suppressing the terms of government contracts – especially when compared to the protections provided private parties' truly proprietary information.  This Court explained: "The purpose of the confidential commercial privilege is to protect the release of potentially damaging commercial information, but only while the opportunity to take unfair advantage of the government agency continues to exist.  Normally, once the government awards a contract, all negotiations end and the contract price becomes fixed.  In that instance, there would be no reason to continue to withhold the information." *Taylor-Woodrow Intern. v. U.S. Dept. of Navy*, 1989 WL 1095561, 3 (W.D. Wash. 1989).

Moreover, courts recognized the need to protect transparency in government spending.  "Disclosure of prices charged the government is a cost of doing business with the government," and thus releasable.  "It is unlikely that companies will stop competing for Government contracts if the prices contracted for are disclosed." *Racal Milgo Gov't Sys. v. Small Bus. Admin.*, 559 F. Supp. 4, 6 (D.D.C.1981).

Here, ICE cannot meet its burden to show disclosure of the performance incentive information for GEO – a contractor that is performing a historically public function –  would "cause substantial harm to the competitive position" to the contractor.  The FOIA does not allow agencies to withhold merely on the basis disclosure might later prove disadvantageous to a private interest, or risk "any injury to competitive position." *Pub. Citizen Health Research Group,* 704 F.2d at n.30.  Moreover, the information PLN seeks is not "confidential" information belonging to the contractor.  Rather, it reflects a decision by a federal agency to allocate tax dollars to a private party in a public contract.  This Court should order ICE to release the performance incentive information redacted from the contract records ICE provided PLN.  *See* Wright Decl., ¶ 13, Ex. N at pp.2-3, 5 and 10.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
Law Offices
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

**2.    ICE improperly redacted information about the prison's mail and visitation policies.**

Exemption 7(E) protects from disclosure records compiled for law enforcement purposes, but only to the extent that the production of such information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law., *Morley v. C.I.A.*, 508 F. 3d 1108, 1128 (D.C. Cir. 2007).

Courts reject agencies' merely conclusory explanations about alleged threats to law enforcement.  *See, e.g., Raher v. BOP*, No. 09-526, 2011 WL 2014875 at *9 (D. Or. May, 24, 2011) (granting summary judgment to requester because agency failed to explain why records qualified for secrecy and noting that "[a]ny inmate or visitor to a BOP facility is able to observe 'staffing patterns' and certain 'institutional operations").  Agencies fail their burden when they offer explanations that simply recite the statutory standard.  *See*, *e.g.*, *Island Film, S.A. v. Dep't of Treasury*, 869 F. Supp. 2d 123, 138 (D.D.C. 2012) (rejecting agency's attempt to withhold records because the agency "merely recite[d]" the language of the exemption).

Here, ICE offers only a perfunctory explanation for invoking exemption 7(E) to withhold portions of the prison's mail and visitation policies – explanations which do little more than echo the language of Exemption 7(E).  That exemption allows agencies to withhold records complied for law enforcement if providing the records:

> **would disclose** techniques and **procedures for law enforcement** investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure **could reasonably be expected to risk circumvention of the law**.

ICE parrots this language for its *Vaughn* index explanation for its redactions, asserting disclosure of its inmate mail policies "**would reveal law enforcement procedures and risk circumvention of the law**." Wright Decl. ¶ 13, Ex. N at p. 173.

Similarly, ICE seeks to justify its redaction of language from the prison's visitation policies on the ground that disclosure "**would reveal law enforcement procedures and risk**

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

1    **circumvention of the law** by providing detainees with information that could be used to

2    attempt to circumvent of visitation procedures."  Wright Decl. ¶ 13, Ex. N at p. 174.

3        ICE failed its burden to justify its reliance on the exemption by offering conclusory

4    explanations that merely echo the Act without meaningful elaboration.

5        **D.    PLN is entitled to an award of attorneys' fees and costs.**

6        A court may order an agency to reimburse a record requester the reasonable attorney

7    fees and other litigation costs it incurs if the requester "substantially prevailed." 5 U.S.C. §

8    552(a)(4)(E).  A FOIA complainant substantially prevails where he or she "obtains relief

9    through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or

10   (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not

11   insubstantial." *Id.*

12       In other words, when a party obtains the records it seeks because of its FOIA litigation,

13   that party substantially prevails.  As the D.C. Circuit explained, "plaintiffs may be considered

14   prevailing parties for attorney's fees purposes if they succeed on any significant issue in

15   litigation which achieves some of the benefit the parties sought in bringing the suit." *Edmonds*

16   *v. FBI*, 417 F.3d 1319, 1326 (2005), quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

17       The Ninth Circuit provides two factors for assessing whether a FOIA plaintiff

18   "substantially prevailed".  The court should determine (1) whether plaintiff's suit was

19   reasonably necessary to obtain the information, and (2) whether the suit had a substantial

20   causative effect on the release of the records in question. *Electronic Frontier Foundation v.*

21   *Department of Homeland Security*, No. No. C 12–5580 PJH, 2014 WL 6469122, 3 (N.D. Cal.

22   Nov. 18, 2014).

23       Here, ICE flatly refused to even acknowledge PLN's request for almost a year before

24   PLN filed this lawsuit.  Since filing the suit, ICE has provided PLN with hundreds of pages of

25   responsive records.  On that basis alone, PLN has substantially prevailed (regardless of the

26   outcome of its challenges to certain of ICE's redactions) and is eligible for an award of

27   attorneys' fees and costs.  PLN asks the Court to determine now that it is entitled to an award of

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
Law Offices
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   fees and costs based on ICE's violations of FOIA, in an amount to be determined based on a

2   subsequent motion, with supporting affidavits.

3                     **IV.    CONCLUSION**

4       The Ninth Circuit directs courts to protect transparency:  "As the enforcement arm of

5   the FOIA, the courts are charged with the responsibility of ensuring the fullest responsible

6   disclosure." *Long*, 693 F.2d at 909, citing *Renegotiation Board v. Bannercraft Clothing Co.,*

7   *Inc.,* 415 U.S. 1, 19, 94 S.Ct. 1028, 1038, 39 L.Ed.2d 123 (1974).  Here, no question exists that

8   ICE flouted the FOIA when it ignored PLNs' proper request for records that would support its

9   work in journalism and human rights advocacy.  And when ICE finally responded to PLN's

10   request (in the wake of this lawsuit), ICE failed its obligations under the Act when it

11   improperly refused based on only conclusory justifications to provide certain public

12   information.

13       Therefore, this Court should enter an order that finds ICE violated the FOIA, directs

14   ICE to produce the improperly redacted  information, and finds PLN entitled to an award of

15   reasonable attorney's fees and costs incurred in this action, in an amount to be determined later

16   on PLN's subsequent motion.

17       DATED this 20th day of January, 2015.

18                           Davis Wright Tremaine LLP

19                           Attorneys for Prison Legal News

20                           By *s/ Angela Galloway*

21                           Eric M. Stahl WSBA #27619

                             Angela Galloway WSBA #45330

22                           Suite 2200

23                           1201 Third Avenue

                             Seattle, WA  98101-3045

24                           Telephone: 206-757-8274

                             Fax: 206-757-7274

25                           E-mail: ericstahl@dwt.com;

                             angelagalloway@dwt.com

26

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Human Rights Defense Center Attorney


By s/ *Lance Weber* _____
Lance Weber, Fla. Bar # 104550
*Admitted Pro Hac Vice*
P.O. Box 1151
Lake Worth, FL 33460
Tel: 561-360-2523
Fax: 866-735-7136
E-mail: lweber@humanrightsdefensecenter.org

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2015, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Kayla Stahman**
  Kayla.stahman@usdoj.gov
  US Attorney's Office
  700 Stewart Street, Suite 220
  Seattle, WA  98101

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  **N/A**.

DATED this 20th day of January, 2015.


DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff


By  _s/ Angela Galloway_
    Angela Galloway, WSBA #45330

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16
(2:14-CV-479-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DWT 25885291v4 0200513-000003